## THE PEOPLE z. PADRÓ ET AL.

### APPEAL from the District Court of Mayagüez.

No. 18.—Decided June 27, 1903.

APPEAL—FELONY.—When a defendant is sentenced to pay a fine and in default of payment thereof to imprisonment in the penitentiary, the crime is considered a felony and an appeal lies from such judgment.

### STATEMENT OF THE CASE.

The hearing was had in this appeal from the District Court of Mayagüez and prosecuted by The People of Porto Rico against Isaac Padró and Felipe Reyes, accused of a crime against the election laws.

A sworn information was filed by the *Fiscal* against the aforesaid persons, who, upon being arraigned, pleaded "not guilty", but asked to be tried by a jury, which prayer was granted. After the legal formalities the trial was had, and on the 24th of April last, the following verdict was returned: "We the jury, and on behalf of all, the undersigned foreman, do find the accused guilty and pray the court to be merciful."

It was proven at the trial, according to the judment, that on October 15, of last year, Isaac Padró, Felipe Reyes and Serafín Agostini were acting as judges at precinct 27 of the town of Añasco for the purpose of making the registration for the general election that was to be held in this Island on November 4, of that year; on said day a certain Monserrate Colón, who had been residing in one of the *barrios* of said municipal district for over six months, appeared before them for the purpose of having his name registered, but the judges Isaac Padró and Felipe Reyes, the defendants in this case, refused to register aforesaid Monserrate Colón, who returned later and filed an affidavit wherein it was declared that he had a right to be registered as a duly qualified voter, because he could read and write. Notwithstanding this, he was again refused registration, for which reason Monserrate

á ser inscrito como elector debidamente capacitado por saber leer y escribir; y á pesar de ello, nuevamente le fué negada la inscripción, no habiendo, por tal motivo, podido dar su voto Monserrate Colón el día 4 de Noviembre del citado año.

*Resultando:* que después de consignar esos hechos la sentencia y de tener presente el artículo 161 del Código Penal vigente, y la recomendación sobre benignidad del Jurado, en 27 de Abril último se condena á Isaac Padró y Felipe Reyes, á cien dollars de multa á cada uno y al pago de las costas procesales por mitad, y en defecto del pago, á sufrir la reclusión correspondiente en el Presidio Departamental de esta Isla.

*Resultando:* que contra esa sentencia se interpuso recurso de apelación y, teniendo el escrito por presentado en tiempo, se cumplió con el artículo 356 del Código de Enjuiciamiento Criminal, elevando á esta Corte Suprema las diez copias de los autos á que dicha disposición se refiere.

*Resultando:* que en esta Superioridad se personó el Letrado Don Manuel F. Rossy, á nombre de los apelantes, y no habiendo formalizado la apelación, á pesar del término que para ello se le concedió, se dió vista al Fiscal, quien impugnó el recurso alegando que según el artículo 345 no cabía el recurso de apelación y aunque pudiera interponerse, debía declararse sin lugar, porque la sentencia es justa, puesto que el hecho que fué objeto de la acusación constituye á todas luces un delito electoral, y de él son autores los acusados.

*Resultando:* que el 24 de Junio último se verificó la vista pública, con informe oral del defensor de los acusados, en pró del recurso, é impugnación por parte del Fiscal, en nombre del Pueblo de Puerto Rico.

Abogado del apelante: *Sr. Rossy* (Manuel F.)

Abogado del apelado: *Sr. del Toro*, Fiscal.

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando:* que habiéndose impuesto en la sentencia

Colón was prevented from casting his vote on November 4, of said year.

After reciting these facts and taking into consideration section 161 of the Penal Code in force, and the jury's recommendation of leniency, judgment was delivered on April 27 last, condemning Isaac Padró and Felipe Reyes to pay a fine of one hundred dollars each, the costs of the proceedings to be borne equally by them, and in default thereof to be confined in the penitentiary of the Island for the corresponding term.

From this judgment an appeal was taken, and the notice of appeal having been entered as filed in due time, section 356 of the Code of Criminal Procedure was complied with, the ten copies of the record referred to therein being forwarded to this Supreme Court.

Manuel F. Rossy, Esq., appeared before this Court on behalf of the appellants, and having failed to perfect the appeal notwithstanding the time allowed him for the purpose, the record was submitted to the *Fiscal* who contested the appeal, alleging that according to section 345 the appeal did not lie, and even if it did, it should be dismissed because the judgment was just, inasmuch as the act upon which the accusation is based, clearly constitutes a crime against the election laws, and said crime was committed by the defendants.

On the 24th of June last, the hearing was had, when counsel for defendants argued in favor of the appeal and the *Fiscal*, on behalf of The People of Porto Rico, in opposition thereto.

*Mr. Manuel F. Rossy*, for appellants.

*Mr. del Toro, Fiscal*, for respondents.

MR. JUSTICE FIGUERAS, after making the above statement of facts, delivered the opinion of the court as follows:

Inasmuch as in the judgment appealed from the penalty of imprisonment in the penitentiary, though a subsidiary one, was imposed, the crime prosecuted should be considered

recurrida pena de presidio, aunque haya sido de modo subsidiario, hay que considerar el delito perseguido como muy grave ( *felony* ) y en este caso puede interponerse recurso de apelación, cuando ésta verse sobre una cuestión de derecho, según el artículo 345 del Código de Enjuiciamiento Criminal.

*Considerando:* que no consta que los acusados negaran la inscripción por motivo legal que les pusiera á cubierto de toda responsabilidad y en tales condiciones hay que aceptar la justicia del veredicto y de la sentencia condenatoria.

a felony, in which case an appeal may be taken when based upon a question of law, according to section 345 of the Code of Criminal Procedure.

It does not appear that the defendants had refused the registration from any legal cause which might release them from all responsibility, and under such circumstances the justice of the verdict and of the judgment of conviction must be accepted.

In view of sections 161 of the Penal Code and 345, 367 and 368 of the Code of Criminal Procedure, we adjudge that we should affirm and do affirm the judgment appealed from, as delivered by the Mayagüez Court on April 27, last, with costs of the appeal to be borne equally by the appellants, but with the understanding that the penalty of imprisonment, in default of the fine, shall be undergone by the defendants in the jail of Mayagüez, and not in the penitentiary, as directed in the judgment. The original judgment is ordered to be executed, and also an entry to be made in the record of proceedings of the one now rendered, and a certified copy of said entry forwarded to the clerk of the Mayagüez Court.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández and Mac Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.